**FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 269**

| | |
|---|---|
| Diane Zelinko<br>PO Box 38<br>545 W Trotter Drive<br>Coal City, IL 60416<br><br>    Plaintiff,<br><br>v.<br><br>Affiliated Management Services, Inc.<br>5651 Broadmoor<br>Mission, KS 66202<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE ANDERSEN<br>MAGISTRATE JUDGE SCHENKIER**<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

1

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this complaint within the time frame permitted by the FDCPA.

9. In or around March 2007, Defendant telephoned Plaintiff's mother ("Mother") and disclosed that Plaintiff owed the debt.

10. In or around March 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

11. During this communication, Defendant threatened to garnish Plaintiff's wages if the debt was not paid.

12. In or around March 2007, fearing that Defendant would follow through on its threats, Plaintiff agreed to pay $303 per month to satisfy the debt and provided her bank account information so that Defendant could withdraw the payments each month.

13. On or around August 4, 2007, Plaintiff retained an attorney to file bankruptcy.

14. On or around August 6, 2007, Plaintiff telephoned Defendant and left a voice message, which informed Defendant that Plaintiff had retained an attorney for bankruptcy and that Plaintiff no longer authorized Defendant to withdraw the monthly payments described above.

15. Later in the week of August 6, 2007, Plaintiff received a billing statement from Defendant.

16. Plaintiff returned the statement to Defendant's office via us mail along with a letter, which again informed Defendant that Plaintiff had retained attorney for bankruptcy, provided Plaintiff's attorney's contact information, and that Plaintiff no longer authorized the monthly withdrawals.

17. On or around September 3, 2007, Defendant made an unauthorized withdrawal of $303 from Plaintiff's bank account.

18. On or around September 11, 2007, Defendant telephoned Mother and again disclosed the debt.

19. On or around October 3, 2007, Defendant made another unauthorized withdrawal of $303 from Plaintiff's bank account.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: *s/Timothy J. Sostrin*
Timothy J. Sostrin    Bar ID # 6290807
LEGAL HELPERS, P.C.
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
tjs@legalhelpers.com
Attorney for Plaintiff